FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

12 DEC 28  AM 10: 30

ESTATE OF LISA McPHERSON, by and
through the Personal Representative,
DELL LIEBREICH,

        Plaintiff,

vs.

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, et al.

        Defendants.
_____/

Case No.:

8:12-CV-2926-T-17 TGW

## RESPONDENTS' VERIFIED NOTICE OF REMOVAL

Respondents. Kennan G. Dandar, Esq., and Dandar & Dandar, P.A., (Dandar), hereby give

Notice of Removal of this action from the Circuit Court of the Sixth Judicial Circuit in and for

Pinellas County, Florida to the United States District Court for the Middle District of Florida, Tampa

Division, based on 28 U.S.C.§1331, original federal question jurisdiction, and state as follows:

## I. ESSENTIAL FACTS

1.     Respondents were the trial counsel for the Plaintiff, Estate of Lisa McPherson, by and

through the Personal Representative, Dell Liebreich, Case No.: 00-5682-CI-78 in the Circuit Court

of the Sixth Judicial Circuit in and for Pinellas County, Florida until that case settled in May 2004

and the parties filed a stipulated Dismissal with Prejudice, with no order reserving jurisdiction to

enforce the settlement agreement. See attached **Exhibit 1**. [1]

---

[1] A district court may consider evidence outside of the removal petition if the facts therein
existed at the time of removal. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir.
2001); *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir.2000).

2.     In February 2009, Respondents filed another wrongful death case against the above

Defendant in the United States District Court, Middle District of Florida, Tampa Division, based on

diversity jurisdiction: *Estate of Kyle Thomas Brennan, by and through its Administrator, Victoria*

*L. Britton v. Church of Scientology Flag Service Organization, Inc.* , Case No. 8:09-cv-00264-T-23-

EAS.

3.     In response to Respondents filing that federal *Brennan* suit in the Middle District,

Church of Scientology Flag Service Organization, Inc., (Scientology), filed a motion in the Florida

state court with the intent to have the *Brennan* case dismissed. Scientology thus became a Petitioner

and Dandar became Respondents. Scientology's motion was premised on enforcement of the global

Confidential Settlement Agreement, CSA, signed by the Estate of Lisa McPherson, and also Kennan

G. Dandar, who signed only as "counsel" for Dell Liebreich in her individual capacity, as the

Personal Representative, and as authorized signatory.  See attached CSA, **Exhibit 2.**[2]  Scientology

sought out a specific retired judge to hear the motion, the Honorable Robert E. Beach, (former trial

judge in the McPherson case),and contended that based upon the signature of Dandar, Dandar must

withdraw as the attorney for the Estate of Kyle Brennan.  The sole ground for demanding Dandar be

ordered to withdraw is that he signed the CSA and the CSA contains a "disengagement clause" at

¶5. Scientology argued that the disengagement clause was really a "practice restriction," forbidding

Dandar to ever sue Scientology again, even though Scientology conceded in an affidavit from its

counsel that Dandar objected to a proposed practice restriction during the global settlement

conference, because such a restriction is as a violation of the Rules Regulating the Florida Bar.

_____

[2]Based on the demand of Scientology, the state motion practice hearings, post dismissal,
are all closed to the public and press, and all pleadings by Scientology and orders are sealed.

Dandar therefore refused to sign the CSA in his individual capacity. Judge Beach complied with Scientology's demand and in June 2009 ordered Dandar to "cease representation of all persons and entities, other than the Plaintiff in this case, (the settled and dismissed McPherson case), in all matters, claims or cases and/or matters now or in the future against the Church of Scientology."

4.     Even though Scientology never filed a Complaint, never paid a filing fee, never had a summons issued, and never had process served on Dandar, all of which is required under Florida law to invoke the jurisdiction of a court to enforce a settlement agreement in absence of an order reserving jurisdiction post dismissal,[3] the state court permitted Scientology to simply file a motion five years after dismissal. The non-final June 2009 order of Judge Beach was affirmed without opinion on appeal before the Second District Court of Appeal. Dandar began searching for substitute counsel in the *Brennan* case, but was unable to find suitable counsel. Scientology then had Dandar held in contempt of court for not withdrawing, notwithstanding the Rules Regulating the Florida Bar prohibiting abandonment of the client, and the Florida Probate Rules and the Middle District of Florida Rules both requiring that an Estate always be represented by counsel. Scientology then had Dandar held in indirect criminal contempt because he told the presiding judge in the *Brennan* case too much information (the truth) as to why he needed to withdraw. The *Brennan* court entered a permanent injunction in aid of its jurisdiction against Scientology and the state court. The 11th Circuit reversed, holding

---

[3]*See Paulucci v. Gen. Dynamics Corp.*, 842 So.2d 797, 802 (Fla.2003), and *Randle-Eastern Ambulance Serv., Inc. v. Vasta*, 360 So.2d 68, 68-69 (Fla. 1978)(A voluntary dismissal pursuant to Rule 1.420, *Fla. R. Civ. P.*, terminates the litigation instantaneously, and removes completely from the court's consideration the power to enter an order. This is equivalent in all respects to a deprivation of jurisdiction).

that the injunction was not in aid of the court's jurisdiction. Judge Merryday in *Brennan* then granted Dandar's Motion to Withdraw on October 3, 2011, *nunc pro tunc*, to April 12, 2010, and also held that the CSA's practice restriction is illegal and unenforceable. See attached **Exhibit 3**. Scientology did not appeal that order. It is final.

5.      The state court entered an order in August 2012 holding that Dandar is subject to sanctions pursuant to Rule 1.730( c), *Fla. R. Civ. P.*, for filing the federal *Brennan* case, which sanctions are attorney fees and costs incurred by Scientology in the state proceedings since the filing of the *Brennan* case, and all fees and costs in the *Brennan* matter, including appeals. Scientology is seeking in excess of $1.1 million.

6.      On December 19, 2012, Dandar filed a Motion to Terminate State Proceedings based on the Supremacy Clause, *Donovan v. City of Dallas*, 84 S.Ct. 1579 (1964), and its progeny, viz. *General Atomic Company v. Felter*, 434 U.S. 12 (1977), which clearly hold that a state court cannot sanction any party or attorney for filing a federal action. See attached **Exhibit 4**.

7.      The state court summarily denied Dandar's motion on December 21, 2012. See **Exhibit 5**.[4]

## II. JURISDICTION

8.      This court has federal question jurisdiction under the Supremacy Clause of the U.S. Constitution. 28 U.S.C. § 1331. *See, e.g., Illinois v. General Electric Co.*, 683 F.2d 206, 211 (7th Cir. 1982), *cert. denied*, 461 U.S. 913, 77 L. Ed. 2d 282, 103 S. Ct. 1891

---

[4]To be provided to the court in camera so as to obey the sealed status of the order by the state court.

(1983) (a plain basis for federal question jurisdiction under the Supremacy Clause and the jurisdictional statutes for federal courts.) *Merrill Lynch, Pierce, Fenner & Smith Inc.* v. Doe, 868 F.Supp. 532 (S.D.N.Y. 1994). See also, *Donovan v. City of Dallas,* 84 S.Ct. 1579 (1964), and its progeny, *viz. General Atomic Company v. Felter,* 434 U.S. 12 (1977) (state courts are completely without power to restrain federal proceedings).

> **'* * * where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. * * * The fact, therefore, that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party **1583 who is a litigant in another and independent forum. . . . That right was granted by Congress and cannot be taken away by the State. The Texas courts were without power to take away this federal right by contempt proceedings or otherwise. . . .petitioners have been punished for disobeying an invalid order.**

*Donovan, at 1582-1583.*

9.     Just as *Donovan*, a Texas lawyer, was punished by the state court for filing a federal action, Dandar is being punished by the state court for filing the federal action of *Brennan*, for obeying all orders entered in *Brennan*, and for obeying all invalid state orders, whether or not the state court is right that he signed an illegal practice restriction or whether the state court has or does not have subject matter jurisdiction.[5] Based on the Supremacy Clause, the states cannot sanction anyone for filing a federal action.

10.     Dandar's federal rights *attached* as soon as he filed the *Brennan* case.

---

[5]In the second appeal to the 2nd DCA n the issue of subject matter jurisdiction and affirming without opinion the contempt decision of Judge Beach, the 2nd DCA stated that Dandar was "proceduraly barred" from raising lack of subject matter jurisdiction, contrary to all Florida law.

*Donovan.* Therefore, the state court has no power to sanction him. *Geddes v. American Airlines, Inc.,* 321 F.3d 1349 (11th Cir. 2003) (Complete preemption looks beyond the complaint to determine if the suit is, in reality, purely a creature of federal law, even if state law would provide a cause of action in the absence of the federal law; it transforms state claim into one arising under federal law, thus creating the federal question jurisdiction requisite to removal to federal courts. 28 U.S.C.A. §§ 1331, 1441(a).)

## III. TIMELINESS OF NOTICE OF REMOVAL

11.     To invoke the jurisdiction of a court, there must be a Complaint and Summons, process, and service of process. Here Scientology did none of that. They did not want random selection of an active judge. They wanted their chosen judge, Robert E. Beach, Senior status, who was the last presiding judge at the time of dismissal. So while the formalities of filing a new suit to enforce a settlement agreement has been excused by the state court for unknown reasons, this court must accept jurisdiction under the Supremacy Clause, so that Dandar's federal rights can be protected and enforced under *Donovan and its progeny.*

12.     From the first order of the state court in June 2009, the state action below was just motion practice to obtain an injunction under presumed state law. When it became manifest that the state matter was taking on punitive sanctions ignoring well established law under the Supremacy Clause, then the state matter was ripe for removal. The order denying Dandar's Motion for Termination of State Proceedings, December 21, 2012, is the triggering event. *Citizens Watch Co. of America, Inc. v. Expediters Intern.*

*of Wash., Inc.,* 2010 WL 3834337, 1 (S.D.Fla.)(A notice of removal is permitted through service of a copy of an order or other paper from which it may be first ascertained that the case is one which is or has become removable.) Therefore, this Notice of removal is timely.

WHEREFORE, Kennan G. Dandar and Dandar & Dandar, P.A. respectfully request that the above action now pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida be removed therefrom to this Honorable Court because this court has original jurisdiction under the Supremacy Clause, and state courts are without power to sanction Dandar for filing the federal *Brennan* case.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

/s/ *Kennan G. Dandar, Esq.*
Kennan G. Dandar, Esq.

## Certificate of Service

I certify that a copy of the foregoing has been furnished by email this 28th day of December, 2012, to THE Clerk of Cour, 6th Judicial Circuit, hand delivery;  F.Wallace Pope, Jr Esq. and Robert V. Potter, Jr. Esq. bobp@jpfirm.com; wallyp@jpfirm.com;  mariannes@jpfirm.com; and fax to the court 727-464-4792 (Judge Farrell c/o Ilyse Sauser, Esq.).

/s/ *Kennan G. Dandar, Esq.*
KENNAN G.DANDAR, ESQ.
Florida Bar Number 289698
P.O.Box 24597
Tampa, FL 33623
EF-kgd@Dandarlaw.net;
EF.dmw@Dandarlaw.net
Counsel for DANDAR

# Exhibit 1

IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA

ESTATE OF LISA McPHERSON, by
And through the Personal
Representative, DELL LIEBREICH,

     Plaintiff,

v.

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, JANIS
JOHNSON, ALAIN KARTUZINSKI and
DAVID HOUGHTON, D.D.S.,

     Defendants.
_____/

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION,

     Counter-claimant,

vs.

ESTATE OF LISA MCPHERSON, by and
Through the Personal Representative,
DELL LIEBREICH, and ROBERT MINTON,

     Counter-defendants.
_____/

CASE NO. 00-5682-CI-78
UNC:  522000CA005682XXCICI
Division:  78 [Judge Beach]

## JOINT STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE
## (excluding counterclaim against Minton)

The plaintiff/counterdefendant, Estate of Lisa McPherson, by and through

the personal representative Dell Liebreich, defendant/counterclaimant, Church of

Scientology Flag Service Organization, Inc., defendant Janis Johnson, defendant

Alain Kartuzinski and defendant David Houghton, by and through their

undersigned counsel, hereby stipulate and agree as follows:

1.      All claims that were or that could have been asserted in the above-styled action between the parties shall be and are hereby dismissed with prejudice.

2.      Each party shall bear its own attorney fees and costs.

3.      This dismissal does not affect the counterclaim asserted by the Church of Scientology Flag Service Organization, Inc. against Robert Minton.

STIPULATED AND AGREED.

JOHNSON, POPE, BOKOR,
  RUPPEL & BURNS, LLP

BY: _____
Robert V. Potter, Esq.
P.O. Box 1368
Clearwater, FL  33757
727-461-1818
SPN # 00352982
FBN 363006
Attorney for Church of Scientology
Flag Service Organization, Inc.


Dated: ___6/8/04___

LUKE CHARLES LIROT, P.A.

BY: _____
Luke Lirot, Esq.
112 East Street, Suite B
Tampa, FL  33602
813-221-9533
FBN # 714836
Attorney for the Estate


Dated: ___6-8-04___

GEORGE & TITUS

BY: _____
Douglas J. Titus, Esq.
P.O. Box 3240
Tampa, FL  33602
813-273-0355
FBN #831387
Attorney for Alain Kartuzinski


Dated: ___June 8, 2004___

MOXON & KOBRIN

BY: _____ /by permission Fox
Helena K. Kobrin, Esq.
1100 Cleveland St., Suite 900
Clearwater, FL  33755
727-443-5620
FBN #0259713
Attorney for David Houghton


Dated: ___6/8/04___

TROMBLEY & HANES

BY: _____

Ronald P. Hanes, Esq.
707 N. Franklin St., 10th Floor
Tampa, FL 33602
813-229-7918; 813-223-5204
FBN #: 375624
Attorney for Janis Johnson

Dated: _June 8, 2004_
320339

STATE OF FLORIDA - PINELLAS COUNTY
I hereby certify that the foregoing is
a true copy as the same appears among
the files and records of this court.
This ___ day of _MARCH_, 20_10_
KEN BURKE
Clerk Circuit Court
By: _____
Deputy Clerk

3

# Exhibit 2

# CONFIDENTIAL SETTLEMENT AGREEMENT

The parties who have been engaged in the civil disputes, individually, and through their duly authorized counsel, who have complete and irrevocable client authorization to enter into this settlement agreement, agree to the following points of complete settlement and permanent disengagement between such parties. The parties to this agreement are: Dell Liebreich, individually, and as personal representative of the Estate of Lisa McPherson and as personal representative of the Estate of Fannie McPherson; the Estate of Lisa McPherson; the Estate of Fannie McPherson; the Estate of Ann Carlson; Kennan G. Dandar; Thomas J. Dandar; Dandar & Dandar, P.A.; Lee Skelton; Sam Darden Davis (hereinafter collectively "the McPherson Parties"); Church of Scientology Flag Service Organization; Religious Technology Center; Janis Johnson; Alain Kartuzinski; and David Houghton (hereinafter collectively "the Scientology Parties").

1.      The parties agree to complete, absolute confidentiality regarding all terms of this document, the Confidential Settlement Agreement and all terms of the Confidential Settlement Agreement and releases, with liquidated damages in the amount of $50,000.00, to be recovered for any single breach of confidentiality. All parties agree that the only statement they may make about this matter is: "The case has been settled, the terms are confidential."

2.      The McPherson Parties agree to dismissal with prejudice of all claims against the Scientology Parties. The Scientology Parties agree to dismissal with prejudice of all claims against the McPherson Parties.

3.      The parties agree to the return by the McPherson Parties of all materials produced in discovery by FSO, RTC and any third parties.

4.      The parties shall execute the attached general releases.

5.      The McPherson Parties agree to full, permanent disengagement from the Scientology Parties, including no further anti-Scientology activity, and no involvement in any adversarial proceedings of any description against the Scientology Parties under any circumstances at any time. The Scientology Parties agree to full, permanent disengagement from the McPherson Parties, including no further anti-McPherson party activity, and no involvement in any adversarial proceedings of any description against the McPherson Parties under any circumstances at any time. For purposes of this paragraph "Scientology" shall include the Scientology Parties and any Scientology related entities.

1

6. The parties agree that there will be no attempt by any party to dissolve the permanent injunction entered in Church of Scientology Flag Service Organization, Inc. v. Lisa McPherson Trust, et al., Case No. 99-7430-CI-08, Circuit Court, Pinellas County, Florida.

7. FSO shall pay the Estate of Lisa McPherson the sum of · which sum represents damages for personal physical injuries suffered by Lisa McPherson and no dollars for punitive damages. These sums are payable to Dandar & Dandar, P.A. in trust which payment shall be delivered to the offices of Dandar & Dandar, P.A. in certified funds no later than 5 p.m., June 7, 2004. FSO agrees to cooperate with the Estate of Lisa McPherson to assist, by lawful and reasonable means, in minimizing any income or estate taxes, state or federal, on the settlement proceeds.

8. All parties agree that this agreement is a final, enforceable agreement, and it contains all of the material terms of their settlement agreement. The circuit court in the wrongful death action shall retain jurisdiction to enforce the executory terms of this Confidential Settlement Agreement which shall be filed under seal if enforcement becomes necessary.

9. Luke C. Lirot, F. Wallace Pope, and Monique E. Yingling, by their signatures on this document, represent and warrant that they have full, actual express authority from their clients, and all non-clients on whose behalf they are authorized to sign, all of whom are identified in this agreement, to execute this agreement on behalf of those clients and non-clients identified herein.

EXECUTED THIS 26th DAY OF May, 2004 AT ST. PETERSBURG, FLORIDA.

_Dell Liebreich_

Dell Liebreich, individually and as personal representative of the Estate of Lisa McPherson and as personal representative of the Estate of Fannie McPherson

_Luke Charles Lirot_

Luke C. Lirot, Esq., Counsel for Dell Liebreich, both individually and as personal representative of the Estate of Lisa McPherson, and authorized signatory on behalf of the Estate of Fannie McPherson, the Estate of Ann Carlson, Kennan G. Dandar, Thomas J. Dandar, Dandar & Dandar, P.A., Lee Skelton and Sam Darden Davis

2

Kennan G. Dandar, Esq., Counsel for Dell Liebreich,
both individually and as personal representative
of the Estate of Lisa McPherson, and authorized
signatory on behalf of the Estate of Fannie McPherson,
the Estate of Ann Carlson, Kennan G. Dandar, Thomas
J. Dandar, Dandar & Dandar, P.A., Lee Skelton and
Sam Darden Davis.

Ben Shaw, FSO Director

F. Wallace Pope, Counsel for, and
authorized signatory for FSO

Monique E. Yingling, Esq., Counsel for, and
authorized signatory for FSO, RTC, Janis Johnson,
Alain Kartuzinski and David Houghton

3

# Exhibit 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ESTATE OF KYLE THOMAS BRENNAN,

     Plaintiff,

v.                       CASE NO.: 8:09-cv-264-T-23EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC., et al.,

     Defendants.

_____/


## ORDER

On April 4, 2010, Kennan G. Dandar moved (Doc. 74) to withdraw as

counsel for the plaintiff.  An April 22, 2010, order (Doc. 77) denies the motion to

withdraw.  As a result of the denial, a Florida circuit court, which had ordered

Dandar to withdraw from his representation in this case and had threatened

severe and escalating sanctions if the withdrawal was not effected, announced

the imposition of the threatened sanctions, including an incremental daily

sanction of $1000 per day, which apparently persists.  Although another full

account of events is superfluous at this stage of this action, suffice to say that a

series of motions and hearings resulted (1) in a federal  injunction (Docs. 152 and

173) against the state's enforcement of those sanctions, (2) an appeal of the

injunction, and (3) a September 21, 2011, (Doc. 220) mandate from the circuit court of appeals vacating the injunction.

By force of the district court's order denying Dandar's withdrawal, which order was not vacated by the circuit court, Dandar at this moment continues in the district court as counsel for the plaintiff and continues to incur punitive sanctions imposed by the Florida circuit court. That Dandar's compliance with the order of one court subjects him to sanction by the order of another court is an unconscionable, irrational, and unsustainable injustice that immediately threatens irreparable injury to Dandar and innocent third parties (including Dandar's family and clients), who depend upon him for their well-being.

Thus far the state courts – trial and appellate – decline to recede from this punitive enforcement of a contract construed by the Florida courts as a restriction on the practice of law, which restriction is both unlawful and unethical. Therefore, to avoid an unjust and unsettling eventuality detrimental to Dandar, innocent third parties, and the public's perception of the judiciary, prevailing circumstances demand that the district court recede from the denial of Dandar's motion to withdraw.

**ACCORDINGLY**, the order denying Dandar's motion to withdraw is **VACATED**, and Dandar's motion to withdraw is **GRANTED NUNC PRO TUNC** to April 12, 2010, the day Dandar moved to withdraw. This retrospectively purges

- 2 -

Dandar of the conduct that the state court has imputed to him and that the state court has found contemptuous and sanctionable but which conduct derives entirely from Dandar's compliance with the order of this court, over which Dandar was and is powerless. Also, Dandar's withdrawal leaves the plaintiff unrepresented.

**FURTHER**, the administrator of the plaintiff estate is not a lawyer and, by force of 28 U.S.C. § 1654; the law of Virginia, see, e.g., Kone v. Wilson, 630 S.E.2d 744 (Va. 2006); and the law of Florida, see Rule 5.030(a), Florida Probate Rules, the lay administrator cannot represent the estate in the district court without counsel. See also Devine v. Indian River County Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997). In other words, Victoria L. Britton appears in the district court impermissibly pro se as the personal representative of an estate. If counsel for Britton fails to appear by October 17, 2011, this action will suffer dismissal. As the circuit court of appeals stated in the recent opinion, "[T]he district court erred when, despite Judge Beach's orders of June 10, 2009, and April 12, 2010, it concluded that there was 'no . . . legally cognizable barrier to Dandar's continued representation.'" The district court must defer to the "legally cognizable barrier" identified by the circuit court of appeals. In sum and by virtue of the circuit court's mandate, the federal judiciary acquires an active partnership in the state's

- 3 -

punitive enforcement of an unlawful and unethical restriction on the practice of

law.  Surprising, but true.

ORDERED in Tampa, Florida, on October 3, 2011.

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

- 4 -

# Exhibit 4