```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

DELL LIEBREICH, as personal
representative of the estate
of Lisa McPherson,

    Plaintiff,

v.                            Case No. 8:12-cv-2926-T-33TGW

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Church of Scientology Flag Service Organization's Motion for Remand (Doc. # 11), filed on January 9, 2013. Kennan Dandar, self-identified as a "respondent" in this matter, filed a response in opposition to the motion on January 16, 2013. (Doc. # 13). For the reasons that follow, the motion is granted.

**I.   Background**

In 1997, Plaintiff, the Estate of Lisa McPherson, initiated this wrongful death action against Defendant Church of Scientology, among others, in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. (Doc. # 1 at 1; Doc. # 11 at 3). Kennan Dandar

and Dandar & Dandar, P.A. (collectively referred to herein as "Dandar") served as counsel for Plaintiff until the parties entered into a settlement agreement in May of 2004. (Doc. # 1 at 1).

Dandar was specifically included in the relevant settlement agreement as one of the "McPherson Parties," a title defined by the agreement to include "Dell Liebreich, individually, and as personal representative of the Estate of Lisa McPherson and as personal representative of the Estate of Fannie McPherson; the Estate of Lisa McPherson; the Estate of Fannie McPherson; the Estate of Ann Carlson; Kennan G. Dandar; Thomas J. Dandar; Dandar & Dandar, P.A.; Lee Skelton; [and] Sam Darden Davis." Id. at 13. The settlement agreement, signed by Dandar, included a provision stating that:

> The McPherson Parties agree to a full, permanent disengagement from the Scientology Parties, including no further anti-Scientology activity, and no involvement in any adversarial proceedings of any description against the Scientology parties under any circumstances at any time.

Id. The parties refer to this contractual term as the "disengagement" provision. (Doc. # 11 at 4; Doc. # 1 at 2).

2

Nearly five years later, on February 13, 2009, Dandar filed another wrongful death action against Scientology, this time on behalf of the Estate of Kyle Brennan, in the United States District Court for the Middle District of Florida. (Doc. # 11 at 4). On March 20, 2009, in response to Dandar's persistence in perceived "anti-Scientology activity," Scientology filed in the Pinellas County Circuit Court a motion to enforce the settlement agreement. Id.

On June 10, 2009, Judge Robert Beach ordered Dandar to "cease representation of all persons and entities, other than the Plaintiff in [the settled McPherson case], in all matters, claims or cases and/or matters now or in the future against the Church of Scientology." (Doc. # 1 at 3; Doc. # 11 at 4-5). Dandar appealed this order to Florida's Second District Court of Appeal, and the appellate court affirmed the state court's order on November 13, 2009. (Doc. # 1 at 3; Doc. # 11 at 5).

On April 12, 2010, upon discovering that Dandar had not ceased his involvement in the Brennan matter, the state court entered an order finding Dandar in willful contempt of court, ordering Dandar to file a motion to withdraw from the Brennan matter, and imposing a $1,000-per-day fine until the withdrawal was accomplished. (Doc. # 11 at 5).

After entering a show cause order on May 6, 2010, based on the state court's determination that Dandar had not made a good faith effort to withdraw from the Brennan matter, the state court held a hearing on August 31, 2010, at which the court orally announced that it would reduce the accumulated $1,000-per-day penalty to a judgment and would hold another hearing in 30 days to determine whether it needed to take additional action to enforce its order. Id. at 6.

Although Dandar sought, and was eventually granted, an injunction by the federal district court prohibiting the state court and Scientology from assessing any penalty on account of Dandar's representation of the Brennan plaintiff, the Eleventh Circuit ultimately reversed and vacated that injunction. See Estate of Kyle Thomas Brennan v. Church of Scientology Flag Serv. Org., Inc., 645 F.3d 1267 (11th Cir. 2011). On February 11, 2011, Florida's Second District Court of Appeal upheld Judge Beach's April 12, 2010, order in all respects with the exception of a damages award imposed in error. (Doc. # 11 at 6).

On November 26, 2012, the state court held a hearing on the amount of damages for which Dandar would be liable to Scientology pursuant to Rule 1.730(c), Florida Rules of Civil Procedure. Id. at 8. That rule, entitled

4

"Completion of Mediation," provides: "In the event of any breach or failure to perform under [an] agreement, the court upon motion may impose sanctions, including costs, attorneys' fees, or other appropriate remedies including entry of judgment on the agreement." Fla. R. Civ. P. 1.730(c). At the end of the November hearing, the state court ordered final written submissions to be filed on December 27, 2012. (Doc. # 11 at 8). Dandar filed a Notice of Removal in this Court on December 28, 2012, based on "the Supremacy Clause of the U.S. Constitution," because, Dandar claims, he was "punished by the state court for filing a federal action." (Doc. # 1 at 4-5).

## II. **Legal Standard**

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In the context of removal, the issue of timeliness is governed by 28 U.S.C. § 1446(b). That section provides, in relevant part, that "[t]he notice of removal of a civil

5

action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). Alternatively, if the case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after the receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendant's right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. A defendant's burden of proof is therefore a heavy one. Id.

6

In addition to bearing the burden of proving original jurisdiction, removing defendants are also faced with strict jurisdictional requirements. Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 1994).

### III. Discussion

As an introductory point, the Court notes the peculiar procedural circumstances surrounding the instant motion; rather than removing an entire state court "action," as section 1441 clearly contemplates, Dandar has apparently attempted to remove only the motion to enforce settlement filed by Scientology in March of 2009. (Doc. # 11 at 15). Had Scientology opted to file a separate action for breach of the settlement agreement, that action presumably would have constituted a breach of contract claim under Florida state law. This Court expresses no opinion as to the appropriateness of Scientology's decision to enforce the settlement agreement through the relevant motion rather than a separate action -- that question is reserved for the state courts of Florida. See Dandar v. Church of

Scientology Flag Serv. Org., Inc., 59 So. 3d 144, 145 (Fla. 2d DCA 2011) (upholding the circuit court's order in all respects with the exception of a damages award imposed in error).

As a consequence of Dandar's decision not to remove the entire underlying action, Dandar refers to himself in the Notice of Removal as "respondent." Dandar has presumably chosen this designation in order to avoid the next procedural abnormality: Dandar, in the underlying wrongful death action, was counsel for the plaintiff. Section 1441 authorizes removal only by the defendant, and there is no authority permitting a plaintiff to remove his own action. See Rigaud v. Broward Gen. Med. Ctr., 346 F. App'x 453, 454 (11th Cir. 2009) ("Rigaud, as a plaintiff, could not remove her own action . . . ."); Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 132 n.4 (2d Cir. 2006) ("The plaintiff had removed his own state court action, contrary to the provisions of 28 U.S.C. 1441(a), which authorize removal only by the defendant."); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643 (3d Cir. 1993) ("No section provides for removal by a plaintiff."). Furthermore, Dandar's removal authority is exceedingly suspect because Dandar was not the plaintiff himself, but

8

rather served as counsel for the plaintiff in this underlying action.

However, the Court need not linger on the dubious procedural appropriateness of "removing a motion," or on the proper corresponding procedural designations for the parties in this matter, because Dandar's notice of removal fails to meet the requirements of either 28 U.S.C. §§ 1441(a) or 1446(b). A state court action may be removed if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Neither the wrongful death action initiated by the Estate of Lisa McPherson nor Scientology's motion to enforce the settlement agreement -- which, the Court presumes, if filed independently of the pre-existing state action, would have constituted a breach of contract claim under state law -- could have originally been brought in federal court. Regardless of which party is viewed as the "originator" of the claims that Dandar attempts to remove, that party has relied on state law in framing its cause of action. Additionally, there is no indication that diversity jurisdiction exists or ever existed in this matter.

Furthermore, the 30-day opportunity for removal expired -- at the latest -- 30 days after the April 2010

state court order "finding [Dandar] in willful contempt of court, order[ing] the filing of a motion to withdraw from the Brennan matter, and impos[ing] a $1000 per day fine until withdrawal was accomplished." (Doc. # 11 at 5). By that point, Dandar certainly had unambiguous notice "that the state matter was taking on punitive sanctions ignoring well established law under the Supremacy Clause," as he claims in the Notice of Removal. (Doc. # 1 at 6).

"In enacting § 1446(b), Congress intended to 'reduc[e] opportunity for removal after substantial progress has been made in state court.'" Tedford v. Warner-Lambert Co., 327 F.3d 423, 427 (5th Cir. 2003) (quoting H.R. Rep. No. 889, at 72 (1988)). Litigation relating to the McPherson wrongful death action spanned approximately seven years in state court, and Scientology's relevant motion to enforce the settlement agreement has been the issue of state court proceedings for more than three years. In light of such "substantial progress" in state court, this Court finds that permitting removal of this action would undermine the timeliness requirement of section 1446.

Lastly, with respect to Dandar's argument that the Supremacy Clause alone "provides federal preemption to the removed state action," the Court notes that "it is now

settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987).

Thus, for the reasons stated herein, coupled with the Court's obligation to resolve any doubt in favor of remand, the motion for remand is granted.  The Court declines to grant Scientology's request for attorney's fees incurred in connection with the removal of this matter.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion for Remand (Doc. # 11) is **GRANTED.**

(2) The Clerk is directed to **REMAND** this case to the Sixth Judicial Circuit in and for Pinellas County, Florida, and thereafter to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of January, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

11

Copies: All Counsel of Record